IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 12 2013
BY_____ J. T. NOBLIN, CLERK
_____DEPUTY

| | |
|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC. | PLAINTIFF |
| V. | CIVIL ACTION NO.: 3-13CV360 HTW-LRA |
| RICHARD GRIFFITH, RECOVERY HOLDINGS, LLC., AND HEATH WALLEY | DEFENDANTS |

## COMPLAINT FOR DECLARATORY JUDGMENT

PLAINTIFF, Liberty Insurance Underwriters, Inc., ("LIUI"), files its Complaint for Declaratory Judgment and in support thereof would respectfully show the unto the Court as follows, to wit:

### I. PARTIES

1. Plaintiff LIUI is an Illinois corporation with its principle place of business in New York, New York, that is authorized to conduct business in the State of New York and that conducts business in the State of New York.

2. Defendant Richard Griffith is an adult resident of Hinds County, Mississippi, who resides at 308 Flag Chapel, Jackson, Mississippi 39209.

3. Defendant Recovery Holdings, LLC., is a dissolved foreign limited liability company that was doing business in the State of Mississippi. It may be served with process through its registered agent, National Registered Agents, Inc., at 840 Trustmark Building 248 East Capitol Street, Jackson, Mississippi 39201.

4. Defendant Heath Walley is an adult resident of Hinds County, Mississippi, who resides at 419 Sykes Road, Jackson, Mississippi 39209. He is included in this lawsuit as an interested party and may or may not be affected by the outcome of this civil action.

### II. JURISDICTION AND VENUE

5. This action involves a dispute between citizens of different states. The amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§1391(a)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because one or more of the defendants is subject to personal jurisdiction in this district.

7. This Court is vested with the power in the instant civil action to declare and adjudicate the rights and legal relationships of LIUI and the Defendants with reference to the issues raised herein. All defendants may have an interest in the outcome of this declaratory judgment action.

### III. FACTS

8. This action is a liability insurance coverage dispute involving the denial of coverage by LIUI to Recovery Holdings, LLC., for not fulfilling its obligations to LIUI in order to receive coverage. Recovery Holdings, LLC., failed to fulfill its obligation to notify LIUI of a filed lawsuit and/or failed to fulfill its obligation to fully cooperate with LIUI in the litigation. LIUI was Recovery Holdings, LLC., insurer during the time of the allegations that formed the basis of the Underlying Lawsuit.

9. **The Underlying Civil Action and Ultimate Default Judgment**: Defendant, Richard Griffith, filed an automobile negligence action against Defendants Recovery Holdings, LLC., Heath Walley, and John Does 1-10 in Mississippi state court in Hinds County, Mississippi (the "Underlying Lawsuit"). The Underlying Lawsuit was filed on February 8, 2012, and styled and numbered *Richard Griffith v. Recovery Holdings, LLC., Heath Walley, and John Does 1-10*, in the Circuit Court of Hinds County, Mississippi, Civil Action No.: 251-12-80-CIV, and attached hereto as Exhibit "A".

10. According to the Hinds County Circuit Court docket, Defendant Recovery Holdings, LLC., was served with process on May 1, 2012, through its registered agent. At no time did any

representative of Recovery Holdings, LLC., notify LIUI or any of its representatives that a lawsuit had been filed against its insured.

11. Defendant Richard Griffith alleged in the underlying lawsuit that Heath Walley, on June 3, 2010, was negligent when a 2000 Ford F350 tow truck operated by Walley and owned by Recovery Holdings, LLC collided with the rear of Richard Griffith's vehicle. Defendant Griffith alleged that he suffered damages as a result of Heath Walley's negligence. Recovery Holdings, LLC., was alleged to be "liable to Plaintiff [Griffith] for the actions of Heath Walley in that he entrusted the vehicle to Defendant Walley." The Complaint failed to allege a prima facie case of negligent entrustment to hold Recovery Holdings, LLC., liable.

12. Nevertheless, a default judgment was entered against Recovery Holdings, LLC., and Heath Walley on September 26, 2012. On March 26, 2012, the Hinds County Circuit Court entered a Final Judgment Awarding Damages for Defendant Griffith in the amount of one hundred twenty five thousand dollars ($125,000). *See* Default Judgment and Final Judgment Awarding Damages entered on March 26, 2013 as Exhibit "B".

13. **The LIUI Insurance Policy**: LIUI issued a commercial general liability policy no. CAR213910-0109 to Recovery Holdings LLC d/b/a Allstar Recovery LLC and ASR Nationwide LLC for the policy period of June 27, 2009 to June 27, 2010.

14. The LIUI Policy's "Truckers Coverage Form" provides, in pertinent part, as follows:

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the maintenance or use of a covered auto.

We have the right and duty to defend any "insured" against a "suit" asking for such damages[.]

**SECTION V - Truckers Conditions**
The following conditions apply in addition to the Common Policy Conditions:

**2. Duties In The Event of Accident, Claim, Suit Or Loss**

<u>We have no duty to provide coverage under this policy unless there has been full compliance with the following duties</u>: (emphasis added)

a. In the event of "accident", claim, "suit", or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation on or settlement of the claim or defense against the "suit".

15. **This Dispute**: An actual, justiciable controversy has arisen between LIUI and Defendant Richard Griffith concerning whether LIUI is obligated to provide coverage to Recovery Holdings, LLC., when it clearly failed to fulfill the conditions precedent to receiving coverage from LIUI. LIUI did not waive its right to enforce the provisions of the policy and clearly suffered prejudice as a result of Recovery Holdings intentionally failing to fulfill its obligations under the policy.

16. LIUI was notified in a letter dated April 10, 2013, from Defendant Griffith's counsel that a Final Judgment Awarding Damages in the amount of $125,000 was entered against

Recovery Holdings, LLC., and Heath Walley, and that Defendant Griffith demanded that LIUI pay the judgment. However, LIUI has no obligation to pay said judgment on behalf of the insured due to Recovery Holdings, LLC., failing to notify LIUI of the lawsuit filed against it and/or to cooperate in the settlement or defense of the lawsuit.

## IV. CAUSES OF ACTION

### A.   COUNT I - DECLARATORY JUDGMENT

17.   LIUI incorporates the allegations set forth in paragraphs 1 - 16 above.

18.   LIUI brings this claim for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, et seq.

19.   This matter presents a real and substantial controversy between the parties hereto with respect to the matters set forth herein and for which declaratory relief is appropriate.

20.   LIUI requests that, upon necessary proof and hearing, the Court declare:

   a.   That LIUI has no contractual obligation under the insurance policy to pay the Final Judgment Awarding Damages entered by the Circuit Court of Hinds County, Civil Action Number 251-12-80-CV.

   b.   Alternatively, that LIUI Policy's applicable $100,000 coverage limit of insurance is the most LIUI is contractually obligated to pay.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Liberty Insurance Underwriters prays as follows:

   (1)   That Defendants be required to answer and appear herein;

   (2)   That the Court adjudicate and declare that Recovery Holdings, LLC., Heath Walley, and Richard Griffith are not entitled to insurance coverage and/or payments whatsoever from Liberty Insurance Underwriters, Inc., for the aforementioned Underlying Lawsuit and Judgment;

(3)   That the cost of this action be assessed against Recovery Holdings, LLC.; and

(4)   For all other legal and equitable relief that the Court deems just and proper.

THIS the 7th day of June, 2013.

>Respectfully submitted,
>
>LIBERTY INSURANCE UNDERWRITERS, INC.
>
>BY: _____
>J. Richard Barry (MSB# 2077)
>John G. Roach III (MSB# 102299)
>Hammack, Barry, Thaggard & May, LLP
>P. O. Box 2009
>Meridian, MS 39302-2009
>Telephone: (601) 693-2393
>Facsimile: (601) 693-0226
>
>ATTORNEYS FOR PLAINTIFF